IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California
corporation,

       Plaintiff,                    Case No. 03-680-HO

       v.                           ORDER

TARIQ EYSSA, et al.,

       Defendants.

Plaintiff moves for default judgment against defendant Brett Hieter, pursuant to Fed.R.Civ.P. 55(b). Plaintiff also moves for entry of a permanent injunction, and for an award of attorney fees and costs. The court previously granted plaintiff's motion for entry of default against Hieter. See Order dated October 28, 2003.

## Discussion

Upon default, the factual allegations of the complaint are

generally taken as true, except the allegations relating to damages. Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). The court is not required to make detailed findings regarding liability. Fair Housing of Marin v. Combs, 285 F.3d 889, 906 (9th Cir. 2002). The complaint alleges Hieter (1) received and/or assisted others in receiving plaintiff's satellite transmissions of television programming without authorization in violation of 47 U.S.C. § 605(a), and (2) intentionally intercepted, endeavored to intercept or procured others to intercept or endeavor to intercept plaintiff's satellite transmissions of television programming using pirate access devices[1] in violation of 18 U.S.C. § 2511(1)(a). Plaintiff's withdraws its third claim for violation of 18 U.S.C. § 2512(1)(b). The complaint also contains more specific allegations as to how Hieter came into possession of a pirate access device. Complaint, ¶ 14.

Based on these allegations, the court finds Hieter liable on plaintiff's first and second claims alleging violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a), respectively.

Where default judgment is possible based on sufficient allegations, the court retains discretion to grant or withhold judgment. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

---

[1] The complaint defines "pirate access devices" as illegally modified DIRECTV access cards and other devices. Complaint at 2.

2 - ORDER

1986). In this case, resolution on the merits is not possible, because Hieter has not appeared; the allegations of the first and second claims state claims upon which relief may be granted; there are no disputed issues of fact as a result of Hieter's non-appearance; and nothing suggests that Hieter's default is the result of excusable neglect. Default judgment is therefore appropriate. Id.

Upon finding a violation of Section 605(a), the court may grant an injunction on such terms it deems just to restrain future violations. 47 U.S.C. § 605(e)(3)(B)(i). A person whose communication is intercepted in violation of 18 U.S.C. § 2511(1)(a) may obtain an injunction. 18 U.S.C. § 2520(b)(1). Following these standards, Hieter is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

Plaintiff seeks statutory damages in the amount of $10,000 for Hieter's violations of 47 U.S.C. § 605(a) and 18 U.S.C. § 2511(1)(a). A party aggrieved by violation of Section 605(a) may recover statutory damages of not less than $1,000 or more than $10,000 for each violation as the court considers just. 47

U.S.C. § 605(e)(3)(C)(i)(II). A party whose communication is intercepted may recover damages in a civil action. 18 U.S.C. § 2520(a). A court has discretion to award statutory damages for violation of 18 U.S.C. § 2511(1)(a), but if it chooses to do so it must award the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2).

Plaintiff submitted evidence that Hieter purchased a "boot loader," a device designed, according to plaintiff's witness, to restore the functionality of a DIRECTV access card previously subjected to plaintiff's anti-piracy measures. Sichler Aff., ¶¶ 30-31. Plaintiff argues that this purchase reasonably demonstrates Hieter's interception of plaintiff's television signals. Pl's Memo. at 11. There is no evidence that Hieter actually intercepted plaintiff's signal or possessed all the necessary equipment, however. The court therefore declines to award statutory damages.

Plaintiff is entitled to an award of reasonable attorneys' fees and costs. 47 U.S.C. § 605(e)(3)(B)(iii) (award mandatory); 18 U.S.C. § 2520(b)(3) (award discretionary). Plaintiff seeks attorneys' fees in the amount of $2,871.24, and costs in the amount of $197.37. The requested attorneys' fees are reasonable, and are allowed. Plaintiff submitted detailed documentation of attorney time expended. The award is based on hourly rates of $250 for Portland attorneys Long and Smith, admitted to practice

in 1992 and 1991, respectively, $180 for Portland attorney Tarbox, admitted in 1999, $125 for paralegal Karnopp, &60 for paralegals McCarthy and Ehlert, and $50 for paralegal Zochert. The attorney rates are somewhat higher than average rates for Portland attorneys with similar experience reported in the 2002 Oregon State Bar Economic Survey (13-15 years = $189, 10-12 years = $187, 4-6 years = $165). The higher rates are justified to compensate for inflation, and because plaintiff's attorneys have significant experience litigating the claims at issue. According to plaintiff, its attorneys have filed 52 lawsuits against 190 defendants on it's behalf. The court is handling several of these cases, and has observed that the claims are similar in many, if not all of the cases with which the court is familiar.

The cost bill reflects costs expended for the filing fee (prorated), fees of the process server, photocopying, express mail, long distance telephone charges and a fee for an address search. Plaintiff provided documentation that it billed these amounts to the client. Smith Decl., Ex. 1 at 12-14. These costs are allowed.

## Conclusion

For the foregoing reasons, plaintiff's motion for default judgment and permanent injunction [#90], and motion for attorney fees and costs [#93] relating to defendant Brett Hieter are granted to the extent provided herein.

5 - ORDER

Brett Hieter is permanently enjoined from (1) receiving, assisting in receiving, transmitting, assisting in transmitting, divulging, or publishing DIRECTV satellite transmissions in violation of 47 U.S.C. § 605, and (2) intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept DIRECTV's satellite transmissions in violation of 18 U.S.C. § 2511(1)(a).

The clerk is directed to enter final default judgment against Brett Hieter. The judgment shall provide that plaintiff shall take no damages on its claims, and that plaintiff shall recover from Brett Hieter $197.37 in costs, and $2,871.24 in attorneys' fees for prosecuting this action.

IT IS SO ORDERED.

DATED this 9th day if August, 2005.

Michael R. Hogan
United States District Judge