IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIRECTV, INC., a California corporation,

    Plaintiff,

    v.

TARIQ EYSSA, et al.,

    Defendants.

Case No. 03-680-HO

ORDER

Plaintiff filed a motion to enforce the settlement agreement with defendant Jeff Halvorson and a motion for award of attorneys' fees and costs.

## Background

Judgment has not been entered against Halvorson. Halvorson did not file responses to plaintiff's motions, although plaintiff served the motions by mail, and counsel left a voice-mail message for Halvorson stating plaintiff's intent to seek entry of

judgment, including attorneys' fees, which counsel further confirmed by letter transmitted to Halvorson by facsimile machine and mail.[1]  Supp. Smith Aff., ¶¶ 2 & 4.

A copy of a Settlement Agreement and Release (Settlement Agreement) dated August 19, 2004 submitted by plaintiff evinces, inter alia, that plaintiff and Halvorson desire to settle this "Litigation," and that Halvorson agrees to pay restitution in the amount of $1,000 to plaintiff within 30 days of execution of the Settlement Agreement.  Smith Aff., Ex. 1 at 1-2, Recitals, ¶ 1. The agreement further provides that in case of breach, the non-breaching party shall have the right to bring suit upon the agreement, and shall recover, inter alia, "attorney's fees and costs associated with the Lawsuit or any subsequent appeals thereof."  Id., ¶ 12.

A copy of a Revised Settlement Agreement and Release (Revised Agreement) submitted by plaintiff provides that Halvorson agrees to pay $1,200 in restitution to plaintiff in twelve installments by the first of each month from November, 2004 through September, 2005.  Id., Ex. 5 at 2, ¶ 1.  The Revised Agreement further provides that Halvorson, "hereby further agrees

---

[1] Halvorson also did not file a pleading responsive to the complaint.  Plaintiff's submissions and entries in the court's electronic case filing and case management (ECF/CM) system evince that Halvorson participated in settlement proceedings and signed a stipulated order of dismissal, which the court signed and filed.  See Smith Aff., Exs. 2, 3 & 6; ECF/CM Entries [## 61 & 75].

2 - ORDER

to execute a "Consent to Judgment" to secure said settlement, a copy of which is attached as Exhibit A." Id. Provisions concerning breach in paragraph 12 of the Revised Agreement are identical to provisions in paragraph 12 of the Settlement Agreement. The copy of the Revised Agreement submitted by plaintiff is signed by Halvorson, but is not dated. A letter from Halvorson dated October 18, 2004 to plaintiff's counsel indicates that the letter accompanies the signed agreement. Id., Ex. 6.

Defendant filed a document titled "CONSENT TO JUDGMENT RE DEFENDANT JEFF HALVORSON." See ECF/CM Entry [#78]. The document, dated October 7, 2004, is notarized and signed by Halvorson. The document provides,

> I KHANH TRUONG [sic], am a resident of the State of Oregon. I have carefully reviewed the Settlement Agreement, have discussed its contents and legal consequences (including my consent to jurisdiction) with my legal counsel, if any, and affirm for the Court that my consent is given freely and voluntarily.
>
> Upon notice that I have materially breached Paragraph 1 "Payment" of the Settlement Agreement and Release due to my failure to fulfill my monetary obligations under the Settlement Agreement and Release, Plaintiff's filing of an Affidavit of Breach of Settlement Agreement confirming the same, an opportunity to be heard, and proof to the Court's satisfaction that I have materially breached Paragraph 1 "Payment" of the Settlement Agreement and Release, I hereby authorize the immediate entry of a judgment in the amount of THREE THOUSAND TWO HUNDRED FIFTY DOLLARS ($3,250.00) in favor of Plaintiff DIRECTV, Inc. Notwithstanding the provisions set forth above, any and all payments made to DIRECTV, Inc. pursuant to the Settlement Agreement executed this _____ day of September, 2004, shall be

3 - ORDER

>     considered as partial satisfaction of any judgment
>     granted pursuant to this Consent to Judgment.

Id.

Plaintiff submitted affidavits and exhibits evincing that Halvorson made no payments under the Settlement Agreement or Revised Agreement through September 23, 2005. Smith Aff., ¶¶ 3, 7 & 9, Exs. 2 & 6; Supp. Smith Aff., ¶ 5.

### Discussion

"An agreement to settle a legal dispute is a contract and its enforceability is governed by familiar principles of contract law." Miller v. Fairchild Indus., 797 F.2d 727, 733 (9th Cir.1986); see also Pollock v. Tri-Met, Inc., 927 P.2d 117, 118 (Or.App. 1996). Before granting a motion to enforce a settlement agreement, a court must resolve disputed issues of material fact, if any, concerning the existence, interpretation and breach of the agreement. See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (existence and terms of agreement in dispute); see also Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 378, 381 (1994) (referencing that facts regarding breach are determined in proceedings to enforce settlement agreements)).

Based on plaintiff's submissions and Halvorson's non-response, it is undisputed on the record before the court that Halvorson breached written agreements requiring him to make payments to plaintiff in settlement of this case, and that he agreed to entry of judgment against him in the amount of $3,250

4 - ORDER

upon notice of the breach to the court in the manner provided by plaintiff.

Plaintiff contends that in the event of Halvorson's breach, it is entitled to attorney fees and costs incurred in prosecuting this case. As noted, the agreements provide that in the event of breach, "the non-breaching party shall have the right to bring suit upon the Agreement and shall recover . . . attorney's fees and costs associated with the Lawsuit or any subsequent appeals thereof." Smith Aff., Ex. 1, ¶ 12, Ex. 5, ¶ 12. Plaintiff's argument necessarily implies that the word "Lawsuit" in paragraph 12 of each agreement refers to the civil action now before the court. The term is reasonably read to refer to the civil action resolved by the agreements, and to an authorized "suit upon the Agreement." To resolve the ambiguity, the court first looks to the context of the term (that is, the whole of the Settlement Agreement).

The first page of each agreement expressly refers to the civil action to be resolved by the term "Litigation."[2] Smith

---

[2]WHEREAS, on May 21, 2003, DIRECTV commenced a civil action against Released Party and others in the United States District Court for the District of Oregon, Portland Division, captioned DIRECTV, Inc. v. TARIQ EYSSA, et al., Civil Action No. 03-680-ST ("Litigation"), which Litigation was subsequently reassigned to United States District Judge Michael R. Hogan of the Eugene Division on June 12, 2003 . . .

Smith Aff., Ex. 1 at 1, Ex. 5 at 1.

5 - ORDER

Aff., Ex. 1 at 1-2, Ex. 5 at 1-2. The term is repeated elsewhere in the agreements in reference to the civil action resolved by the agreements. Smith Aff., Ex. 1, ¶¶ 4.a, 6, 13, Ex. 5, ¶¶ 4.a, 6, 13. Paragraph 11 of each agreement, however, refers to "the Lawsuit" to be resolved. ("The parties acknowledge that this Agreement is entered into solely in order to resolve the Lawsuit . . ." Smith Aff., Ex. 1, ¶ 11, Ex. 5, ¶ 11.) Paragraph 15 of each agreement provides that "Each Party shall bear its own attorneys' fees and costs of litigation . . ." Smith Aff., Ex. 1, ¶ 15, Ex. 5, ¶ 15.

The court finds that the ambiguity created by the use of the word "Lawsuit" in paragraph 12 of each agreement is not resolved by examination of the entirety of the Settlement Agreement and Revised Settlement Agreement. Finding no extrinsic evidence of the parties' intent, the court resolves the ambiguity against plaintiff, as the record evinces that plaintiff or counsel prepared the agreements for Halvorson to execute. See Hill v. Qwest, 35 P.3d 1051, 1054 (Or.App. 2001); Smith Aff., Exs. 3 & 4. The court thus concludes that the parties did not agree that a breaching party would pay the non-breaching party attorney's fees and costs incurred by the non-breaching party in prosecuting or defending the pending civil action.

Notwithstanding, the court will award costs to plaintiff pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

## Conclusion

Based on the foregoing, plaintiff's motion to enforce settlement agreement [#99] and motion for attorneys' fees and costs [#102] are granted to the extent that judgment will be entered in favor of plaintiff and against defendant Jeff Halvorson in the amount of $3,447.81, which includes the costs stated in the bill of costs [#103].

IT IS SO ORDERED.

DATED this 8th day of ~~November~~ December, 2005.

Michael R. Hogan
United States District Judge

7 - ORDER